UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY P. MADDEN,

        Plaintiff,

v.                                   Case No:  8:13-cv-1316-T-35AEP

FIDELITY NATIONAL
INFORMATION SERVICES, INC.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Defendant Fidelity National Information Services, Inc.'s Motion and Application to Tax Costs (Dkt. No. 41).  Plaintiff has not filed a response to the motion.  By its motion, Defendant seeks an award taxing costs against Plaintiff in the amount of $2,562.98.  (Dkt. No. 41, Ex. A.)  For the reasons that follow, I recommend that Defendant's request for costs be granted in part and denied in part and that Defendant be awarded costs in the amount of $2,532.98.

## I.  PROCEDURAL BACKGROUND

On May 17, 2013, Plaintiff initiated this action against Defendant asserting a claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-54, and a claim for workers' compensation retaliation under § 440.205, Fla. Stat. (2012).  (Dkt. No. 1.)  Shortly thereafter, Plaintiff amended his complaint to include a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-213.  On February 6, 2014, Defendant filed a motion for summary judgment as to all claims.  (Dkt. No. 20.)  In response, Plaintiff consented to the dismissal of his worker's compensation retaliation claim, but opposed

Defendant's motion as to his FMLA and ADA claims.  (Dkt. No. 21.)  On July 7, 2014, this Court issued an order granting Defendant's motion for summary judgment and dismissing Plaintiff's claims.  (Dkt. No. 39.)  Subsequently, judgment was entered in favor of Defendant and against Plaintiff.  (Dkt. No. 40.)  Defendant now seeks an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.  (Dkt. No. 41.)

## II.  STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.  *See Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010) (stating that Rule 54 establishes a presumption that costs should be awarded unless the district court decides otherwise (citing *Chapman v. Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000))).  Following summary judgment, the Court entered a final judgment in favor of Defendant on all counts.  (Dkt. Nos. 39, 40.)  Thus, Defendant is the prevailing party in this case and is entitled to costs under Rule 54(d).  *See Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008) (stating that a prevailing party is one who "prevailed on 'any significant issue in the litigation which achieved some of the benefit the parties sought in bringing the suit'" (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989))).

A strong presumption exists in favor of awarding costs, unless the district court decides otherwise.  *Durden*, 2010 WL 2105921, at *1 (citations omitted); *see Arcadian Fertilizer, L.P. v. MPW Indus. Svcs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  The district court's discretion in not awarding all costs is limited; the district must articulate a sound reason for not awarding full costs.  *Chapman*, 229 F.3d at 1038-39 (citations omitted);

*Durden*, 2010 WL 2105921, at *1 (citations omitted).  "However, a court may only tax costs as authorized by statute."  *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  Specifically, pursuant to § 1920, the following may be taxed as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under [28 U.S.C. § 1923]; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

*See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).  The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

### III. ANALYSIS

Here, Defendant seeks reimbursement for total costs of $2,562.98, comprising: (1) $85 for fees paid for service of summons and subpoena; (2) $2,419.90 for fees paid for printed or electronically recorded transcripts necessarily obtained for use in the case; and (3) $58.08 for fees for witnesses.  (Dkt. No. 41, Ex. A.)

3

**1.  Fees for Service of Summons and Subpoenas**

First, Defendant seeks reimbursement for the service of summons and subpoena in the amount of $85.  (Dkt. No. 41, Ex. A.)  Such costs may be taxed pursuant to § 1920(1).  *W & O, Inc.*, 213 F.3d at 624 (noting that summons and subpoenas are generally served by private process servers rather than the marshal, and, therefore, payment of fees for services previously performed by the marshal are recoverable under § 1920(1)).  However, such costs may only be taxed to the extent they "do not exceed the statutory fees authorized in section 1921," which is $55 per hour for each item served, plus travel costs and out-of-pocket expenses.  *Id.*; 28 C.F.R. § 0.114(a)(3).  Here, Plaintiff seeks to recover $85 for service of a subpoena on Austin Dacanay, but the invoice does not detail the process servers' costs or expenses in serving the subpoena; thus, Defendant is entitled to the recoverable fee of $55 per item or the actual amount charged, whichever is less.  *See Tampa Bay Water v. HDR Eng'g, Inc.*, No. 8:08-CV-2446-T-27TBM, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012) (citing *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649-50 (S.D. Fla. 2007)).  Thus, Defendant's request for costs based on the service of subpoenas should be reduced by $30 and Defendant should be awarded $55.

**2.  Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case**

Second, Defendant seeks reimbursement in the amount of $2,419.90 for transcription costs incurred in conducting six depositions, specifically the depositions of Timothy Madden, Austin Dacanay, Robert Hamilton, Kelly Smith, Ginger Harris, and Charlotte Robinson.  (Dkt. No. 41, Ex. 2.)  Generally, § 1920(2) authorizes taxation of costs for deposition transcripts "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).  Costs for

transcripts of depositions conducted in support of a motion for summary judgment or depositions conducted of witnesses listed on a party's witness list are exemplary of the types of costs recoverable under § 1920(2).  *See, e.g.*, *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012).  However, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."  *W & O, Inc.*, 213 F.3d at 621.

Defendant relied on or cited to the deposition testimony contained in the deposition transcripts of Timothy Madden and Austin Dacanay to support its motion for summary judgment (Dkt. No. 20, Exs. A, B.); thus, it is abundantly clear that these depositions were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2); *see also Maris Distrib. Co.*, 302 F.3d at 1225; *Family Oriented Cmty. United Strong, Inc.*, No, 2012 WL 6575348, at *1. But it does not appear that Defendant relied upon or cited to the deposition testimony contained in the deposition transcripts of Robert Hamilton, Kelly Smith, Ginger Harris, and Charlotte Robinson in seeking summary judgment.  (Dkt. No. 20.)   Notwithstanding Defendant's lack of reliance on the depositions of these individuals specifically, Defendant did rely upon the declarations of Robert Hamilton, Kelly Smith, and Ginger Harris to support its motion for summary judgment.  (Dkt. No. 20, Exs. D, E, H.)  Thus, it is feasible that Defendant relied upon the deposition transcripts of these three individuals in preparing their declarations.   The Court cannot discern from the record, however, the purpose of the deposition of Charlotte Robinson.  While the Court should not have to make guesswork as to the taxable costs sought by Defendant, "[g]iven that both parties presumably have equal knowledge of the basis for each deposition," and Plaintiff has not opposed the costs sought by

Defendant, Defendant should be reimbursed for the transcription costs of all six depositions. *Perkins v. Tolen*, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, at *2 (M.D. Fla. July 13, 2012).

Accordingly, Defendant should be awarded $2,419.90 for reimbursement of the cost for deposition transcripts.

**3. Fees for Witnesses**

Finally, Defendant seeks reimbursement in the amount of $58.08 for the witness fee of Austin Dacanay. (Dkt. No. 41, Ex. A.) Section 1920(3) permits the recovery of fees for witnesses. However, pursuant to 28 U.S.C. § 1821, witness fees are limited to an attendance fee of $40 per day plus a reasonable fee for travel. Defendant seeks the $40 attendance fee plus $18.08 as reimbursement for travel. Defendant's request is reasonable and within the parameters of § 1821. As such, Defendant is entitled to recover $58.08 for witness fees.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendant's Motion and Application to Tax Costs (Dkt. No. 41) be GRANTED IN PART AND DENIED IN PART, to the extent that Defendant should be awarded costs in the amount of:

| | |
|---|---|
| Fees for Service of Summons and Subpoenas | $55 |
| Fees for Printed or Electronically Recorded Transcripts | $2,419.90 |
| Fees for Witnesses | $58.08 |
| | |
| TOTAL | $2,532.98 |

IT IS SO REPORTED in Tampa, Florida, this 27th day of August, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a de novo determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.   28 U.S.C. § 636(b)(1)(c); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

cc: Honorable Mary S. Scriven
Counsel of Record